COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ADRIAN MUNOZ, | § | |
| | | No. 08-07-00035-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 243rd District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 980D00870) |
| | § | |

**<u>MEMORANDUM OPINION</u>**

Adrian Munoz attempts to appeal from a judgment adjudicating him guilty of aggravated robbery. On October 26, 1998, Appellant entered a guilty plea to aggravated robbery and was placed on deferred adjudication for six years. Appellant's probationary period was extended twice for a total of four years. The State subsequently filed a motion to adjudicate guilt. Subsequently, the State filed an amended motion to adjudicate guilt alleging that he had violated his deferred-adjudication community supervision by committing the offense of unlawful possession of a firearm by a felon as well as other violations of his probation. Following a hearing, the trial court, on January 26, 2007, granted the State's motion, adjudicated Appellant's guilt, and assessed his punishment at confinement for ten years.

In his brief, Appellant raises a single issue alleging that the trial court abused its discretion in revoking his probation and adjudicating his guilt in that the evidence was insufficient to show he had committed the offense of felon in unlawful possession of a firearm. The State filed a motion to dismiss the appeal because the only issue raised on appeal is a challenge to the trial court's

determination to proceed to adjudication. Appellant's guilt was adjudicated in a hearing conducted prior to June 15, 2007. In such a case, no appeal may be taken from the trial court's determination to proceed with an adjudication of guilt. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b).[1] We therefore grant the State's motion and dismiss the appeal.

KENNETH R. CARR, Justice

April 10, 2008

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)

---

[1] In 2007, the Legislature amended Article 42.12, § 5(b) to provide for a right of appeal from the trial court's decision to adjudicate. Act of May 23, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 TEX. GEN. LAWS 4395, 4397. However, the amendment is prospective and applies to an adjudication hearing conducted on or after the effective date of the legislation, June 15, 2007, regardless of when the adjudication of guilt was originally deferred or when the offense giving rise to the grant of deferred adjudication community supervision was committed. Act of May 23, 2007, 80th Leg., R.S., ch. 1308, § 53, 2007 TEX. GEN. LAWS 4395, 4413.

2